# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**Anthony Miller,**

        Plaintiff,

  v.

**City of Rochester, et al.,**

        Defendants.

**7th AMENDED SCHEDULING ORDER**

22-cv-6069-FPG-MJP

**PURSUANT TO** the order of the Hon. Frank P. Geraci, Jr., Senior District Judge referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a request for extension of deadlines, (ECF No. 39), and the undersigned having found good cause, pursuant to Fed. R. Civ. P. 16, it is

    **ORDERED** that

    1.    **Plaintiff's deposition.** By no later than July 12, 2024, Defendants are to have completed any supplementary deposition of Plaintiff relating to damages and life events since his initial deposition of July 13, 2022, but without questioning as to the underlying liability claims.

    2.    **Experts.** By June 26, 2024, Plaintiff **must** exchange the report of his liability expert. By no later than July 26, 2024, Defendant must exchange the report of their liability expert. All expert discovery shall be completed by August 30, 2024.

3. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than November 1, 2024.

4. **Mediation.** The parties shall hold an initial mediation session by no later than September 27, 2024.

5. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

6. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

    a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension shall be made at least **one week** before the deadline to be extended.

b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

7. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**


Dated:       June 6, 2024
             Rochester, NY          */s/ Mark W. Pedersen*
                                    MARK W. PEDERSEN
                                    United States Magistrate Judge