**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Patrick B. Naylon**
Municipal Attorney

August 15, 2024

Hon. Mark W. Pedersen
U.S. Magistrate Judge
100 State Street
Rochester, NY 14614

   *Re: Anthony Miller v City of Rochester, et al*
    *Case No.: 22-cv-6069*

Dear Judge Pedersen,

  Please accept this correspondence as the City's position concerning the above matter. Counsel for plaintiff and I could not agree as too a joint response, as plaintiff's counsel's proposal provided an inaccurate history, and contained considerable unnecessary banter, without honing the single remaining issue for the court.

  The original letter requesting an extension because the trial had been adjourned, was a joint request. Indeed, counsel for plaintiff had no objection to it and in multiple prior conversations after he learned of the adjournment, counsel suggested he needed to get that correspondence out to the court. Unfortunately, for whatever reason, that did not occur. Eventually, I wrote myself as counsel for plaintiff did not write as expected, and he had an upcoming trial.

  At the time of submission, counsel for plaintiff was agreeable to the extension as there were only two items that needed to be completed: the defense deposition of plaintiff's expert and a follow-up deposition of the plaintiff. The expert deposition did not take place because counsel for plaintiff failed to calendar it. Days before it was to proceed, I contacted counsel to confirm. Counsel indicated he had failed to calendar it and was unable to proceed. Those things happen, and I did not take issue with the claim of unavailability. However, counsel made no effort to reschedule the deposition, though he did indicate his expert was suffering from health problems.

  I requested a follow-up deposition of Mr. Miller addressing only issues that had arisen since his previous deposition in 2022. This likely would be half a day or less, and would not address liability. Counsel initially indicated he would not consent to it because the time to do so had passed. His tune changed, however, after he realized he had failed to timely disclose an additional liability expert. Now he was agreeable to an extension and to complete plaintiff's follow-up deposition. This was clearly just a quid pro quo so counsel could disclose the expert he had failed to timely disclose.

  As a further effort at avoiding potentially unnecessary time and expense, counsel suggested, and I agreed, to attend the trial testimony of the plaintiff. Unfortunately, the court delayed that trial.  I attended plaintiff's trial testimony on August 1.  It was readily apparent from the testimony he did give, bringing up issues I was unaware of, that a follow-up deposition was necessary. Obviously, at trial Mr. Miller's attorney asked questions, just not the one's I would have asked. As for the expert deposition which plaintiff's counsel failed to comply with, I have elected to waive that deposition.

  Unfortunately, counsel for plaintiff has now reneged on the agreement to have his client's deposition because the court order requiring us to do so has expired.  I advised counsel we could easily complete the deposition in less than a day, and well prior to the expiration of the time to complete mediation and file summary judgment motions. Counsel now refuses to allow that deposition to go forward despite the fact that it would offer no further delay.

  Ultimately, the question is why wasn't the court notified earlier of the trial adjournment, which resulted in the court's inquiry about when the Court of Claims adjourned the trial, when counsel knew about it, etc.  After plaintiff's counsel was notified of the adjournment, counsel for plaintiff repeatedly stated "we" needed to file another letter with the court and certainly represented he would get to it. Unfortunately, he did not. I of course was unaware of when counsel for plaintiff was informed of the trail adjournment or when he was given a new trial date, though counsel for plaintiff did advise me of those changes. However, given that it was his trial that was adjourned and his statements to the effect that this court needed to be notified, my expectation was counsel for plaintiff would write the court. In fact, that came up in numerous conversations. Eventually, in one of those conversations, since counsel was preparing for trial, I offered to write the letter to the court myself and did so with his permission.

  Ultimately, however, the dates in the present scheduling order would not need to be extended further.  The only outstanding issue is whether a motion and order are necessary to conduct plaintiff's follow-up deposition.

  Frankly, it is my position that this all could have been resolved without any court intervention at all, with a bit of cooperation amongst counsel in accordance with the WDNY Civility Principles and Guidelines.

           Respectfully submitted,

           /s/ Patrick B. Naylon

            Patrick B. Naylon

cc: Elliot Dolby Shields, Esq.