```
 1   STATE OF NEW YORK

 2   COUNTY OF MONROE            SUPREME COURT

 3   ---------------------------------------x

 4   THE PEOPLE OF THE STATE OF NEW YORK,    :   IND # 2013-0954

 5   -vs-                                    :

 6   ANTHONY MILLER,                         :   MOTION
                                                 ARGUMENT
 7                  Defendant.               :
     ---------------------------------------x
 8
                                      Hall of Justice
 9                                    Rochester, New York  14614
                                      January 6, 2014
10

11   B E F O R E:

12           HONORABLE THOMAS E. MORAN,

13                                    Supreme Court Justice

14   A P P E A R A N C E S:

15           SANDRA DOORLEY, ESQ.
             District Attorney - County of Monroe
16           47 South Fitzhugh Street
             Rochester, New York 14614
17           Appearing for the People of the State of New York
             By:  MICHAEL HARRIGAN, ESQ.
18                 Assistant District Attorney

19           TIMOTHY P. DONAHER, ESQ.
             Public Defender - County of Monroe
20           10 North Fitzhugh Street
             Rochester, New York  14614
21           Attorneys for the Defendant
             By:  JOSHUA STUBBE, ESQ.
22                 Assistant Public Defender

23           ANTHONY MILLER
             Defendant
24
                                    CAROL P. RAES, C.S.R.
25                                  Senior Court Reporter
```

MILLER 000169

```
 1                THE DEPUTY:  Number 17, Anthony Miller.
 2                MR. STUBBE:  Judge, can we approach?
 3                THE COURT:  Yes.
 4     (An off-the-record bench conference was held between
 5     Court and counsel.)
 6                MR. HARRIGAN:  Sir, you're Anthony Miller?
 7                THE DEFENDANT:  Yes.
 8                MR. HARRIGAN:  You're here with your attorney,
 9     Mr. Stubbe?
10                THE DEFENDANT:  Yes.
11                MR. HARRIGAN:  Mike Harrigan for the People.
12                THE COURT:  You're here for the purposes of
13     motion argument.  Anything in addition to your papers,
14     Mr. Stubbe?
15                MR. STUBBE:  No, Judge.
16                THE COURT:  All right.
17                MR. HARRIGAN:  Your Honor, I talked to Mr.
18     Stubbe.  For whatever reason, I didn't get a copy, so I
19     haven't had a chance to respond.  I understand there are
20     some hearings Mr. Stubbe is requesting.  I would ask for
21     an opportunity to respond.  I imagine the Court will set
22     hearings and I'll respond prior to the hearings.
23                MR. STUBBE:  Judge, obviously, two of them we
24     will have regardless of Wade and Huntley hearing.  I have
25     also moved for a probable cause hearing.  I certainly
```

1  have made enough factual allegations to warrant a
2  hearing. I would ask that it be set down for all three.
3  If after Mr. Harrigan's papers are received, you don't
4  feel that's necessary, we deal with that at that time.
5        THE COURT: I'm not ignoring you. I'll be
6  with you in just a second. (Pause.) The following is
7  the decision and order of the Court with respect to the
8  motions filed by Mr. Stubbe:
9        Your request for a Bill of Particulars has
10 already been addressed, is that correct, or will be
11 shortly?
12       MR. STUBBE: Will be shortly, I'm sure.
13       THE COURT: To be provided. If there are any
14 additional issues thereafter, please advise me.
15 Discovery has been provided?
16       MR. STUBBE: It has. I only have one request
17 there. I've been given a 911 call, but I believe that in
18 this case in particular, there was probably some -- I
19 believe it's called side channel communications between
20 the officers. Certainly, I could try to subpoena that or
21 if the DA could do it --
22       THE COURT: Are they recorded?
23       MR. HARRIGAN: Sometimes they are, and in my
24 experience, they're not always -- we don't always have
25 them as part of the 911 call. I've provided everything.

1    If he wants a specific one, I don't object to a subpoena.
2              THE COURT:  Depends what channel it is.  Give
3    me a subpoena and I'll sign it.
4              Molineux, two weeks before trial.  Sandoval,
5    immediately before trial.  Acknowledge Brady
6    responsibility, please.
7              MR. HARRIGAN:  Yes.
8              THE COURT:  Grand jury, I'll review grand jury
9    as to legal sufficiency, defective proceedings, and
10   defective indictment.
11             MR. STUBBE:  Thank you.
12             THE COURT:  Defendant didn't have anybody
13   testify in front of the grand jury, did he?
14             MR. HARRIGAN:  No.
15             THE COURT:  So you withdraw that request?
16             MR. STUBBE:  I do.
17             THE COURT:  I'll look at your request to
18   dismiss the indictment.  You've asked for Wade and
19   Huntley in addition to it.  You've asked that any
20   identification and statements be suppreseed because of an
21   illegal arrest.
22             MR. STUBBE:  Correct.
23             THE COURT:  I'll grant all of the above.
24             MR. STUBBE:  Thank you.
25             THE COURT:  Give me a minute and I'll give you

1          a date.

2                    MR. STUBBE:  Okay.

3                    THE COURT:  What tangible property was

4          received?

5                    MR. STUBBE:  Judge, I believe his clothing and

6          then also the subsequent identification procedure, the

7          subsequent statements, I would ask that all of that be

8          suppressed for a lack of probable cause.

9                    THE COURT:  We will give you a hearing.  You

10         have probable cause, Huntley, Wade hearing, which will

11         also included Mapp to a great extent.  Have you listened

12         to the 911 tape?

13                   MR. STUBBE:  I have.

14                   THE COURT:  So you can hear it?

15                   MR. STUBBE:  Yes.

16                   THE COURT:  So there's no issue about

17         audibility?

18                   MR. STUBBE:  Has to do more with the

19         subsequent things that we received, if we receive them.

20         Just covering my bases on that, obviously.

21                   THE COURT:  Okay.  I'm going to defer.

22                   MR. STUBBE:  Thank you.

23                   THE COURT:  If there's an issue in the future,

24         we'll deal with it.

25                   MR. STUBBE:  Okay.

```
 1            THE COURT:  I'm not going to make the People
 2   provide you with a copy of the transcript.  They have to
 3   pay for it.  You want to ask for one, you can.  You asked
 4   for a late Notice of Alibi.  That's denied.  You've asked
 5   that the Court and all the participants not call the
 6   victim "the victim."
 7            MR. STUBBE:  The complainant, the victim.
 8            THE COURT:  Yeah, okay, that's denied, too.
 9   I'd prefer no one does, but I'm not going to give you
10   grounds for a mistrial in the event somebody makes a
11   mistake.  Sanders; denied.  And you've asked for renewal
12   of motions under the circumstances.  I'm going to grant
13   you the opportunity to renew motions if they're
14   appropriate.
15            MR. STUBBE:  Okay.
16            THE COURT:  Normally, I wouldn't do that, but
17   circumstances are such that I will allow it.
18            MR. STUBBE:  Thank you.
19            THE COURT:  Here, Mr. Stubbe, you can have
20   your motion back.
21            MR. STUBBE:  I'll get copies to the Court.
22            THE COURT:  I need a hearing date, Sarah.
23            MS. DURBIN:  February 4th at 2 o'clock.
24            MR. HARRIGAN:  I have a murder trial that
25   week.
```

MILLER 000174

```
 1                    THE COURT:  Can you get somebody else?
 2                    MR. HARRIGAN:  I can -- I can try.
 3                    THE COURT:  You're the best.
 4                    THE CLERK:  Do we have a trial?
 5                    MS. DURBIN:  We're open that week.  That's
 6      been transferred.
 7                    THE CLERK:  Really?
 8                    THE COURT:  Whatever she says.  Motions
 9      argued.  2/4/14 at 1400 hours or 2 o'clock in the
10      afternoon for the hearings.
11                    MR. HARRIGAN:  People remain ready for trial.
12                    THE DEFENDANT:  Thank you, Judge.
13                    (Proceedings concluded.)
14
15   CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT
16
17   _____
18   CAROL P. RAES, C.S.R., Senior Court Reporter
```